Jesus Calvillo **ALEMAN**, Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–73089.

Agency No. A75–768–871.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 17, 2005.

Jesus Calvillo Aleman, Indio, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Deborah N. Misir, Julia Doig Wilcox, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM***

Jesus Calvillo Aleman, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' affirmance without opinion of an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review constitutional challenges de novo, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and we deny the petition for review.

▮ Calvillo Aleman contends that he was denied equal protection because he was not allowed to apply for suspension of deportation. His argument is without

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

merit because Congress comported with equal protection when it repealed suspension of deportation for aliens, such as Calvillo Aleman, who were placed in removal proceedings on or after April 1, 1997, while permitting aliens placed in deportation before that date to pursue their applications for suspension of deportation. *See Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1108 (9th Cir.2003); *Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1163–65 (9th Cir.2002). To the extent Calvillo Aleman contends the agency should have begun proceedings prior to April 1, 1997, we lack jurisdiction to review the agency's decision regarding when to commence proceedings. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 598–99 (9th Cir.2002) (citing 8 U.S.C. § 1252(g)).

**PETITION FOR REVIEW DENIED.**